IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00588-PAB-MJW

DEREK W. COLE,

    Plaintiff,

v.

CITY OF AURORA, COLORADO, a Colorado Municipal Corporation,
STEVE HOGAN, Mayor, City of Aurora, Colorado,
AURORA CITY COUNCIL, City of Aurora, Colorado,
GEORGE "SKIP" NOE, City Manager, City of Aurora, Colorado,
NICHOLAS "NICK" METZ, Chief of Police, City of Aurora, Colorado,
AURORA POLICE DEPARTMENT, City of Aurora, Colorado,
SGT. TIM E. GENARO, Aurora Police Department, City of Aurora, Colorado, individually and in his official capacity, and
UNKNOWN CITY OF AURORA, POLICE OFFICERS, DETECTIVES, SERGEANTS, AND EMPLOYEES, JOHN (AND JANE) DOES 1-50, in their official and individual capacities,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 55] filed on September 30, 2016.  Plaintiff brings claims against defendants relating to his interactions at the Aurora Police Department on March 11, 2014, when he went to report that documents and various other items had been improperly removed from his office.  The magistrate judge recommends that the Court grant the defendants' motion to dismiss [Docket No. 33] as to all claims against all defendants except plaintiff's claim against defendant Sgt. Tim E. Genaro.  Docket

No. 55 at 6. Mr. Cole, appearing *pro se*,[1] submitted a timely objection to the magistrate judge's report and recommendation [Docket No. 65] on October 21, 2016, pursuant to the minute order extending his time to file an objection. Docket No. 59.

## I. BACKGROUND

Plaintiff filed his complaint [Docket No.1] on March 10, 2016. Plaintiff's claims arise from his visit to the Aurora Police Department on March 11, 2014, when he attempted to report that property from his office was improperly removed and disposed of. *Id.* at 3. Plaintiff states that Sergeant Tim E. Genaro would not allow him to file a criminal report and informed him that a liquidating company handled "everything regarding" plaintiff's property. *Id.* Sergeant Genaro informed Mr. Cole that the dispute was a civil matter and that the Aurora Police Department would not investigate the incident as a crime. *Id.* As a result, plaintiff brings claims that defendants violated his Fourteenth Amendment rights and seeks relief under 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir.2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal

---

[1] Mr. Cole is appearing in this matter *pro se*, but he is a licensed attorney in the state of Colorado.

quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted).

To state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the plaintiff believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

## II. DISCUSSION

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In order to preserve de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Generally, the court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, a plaintiff's "status as a licensed attorney reduces the deference to which he is entitled as a pro se litigant." *Baldwin v. United States*, No. 11-cv-02033-MSK-KLM, 2012 WL 7051296, at *1 n.1 (D. Colo. Sept. 17, 2012) (citing *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001)).

The magistrate judge recommends that all claims against all defendants be dismissed, except plaintiff's claim against defendant Genaro relating to the completion of an incident report instead of a criminal report. Docket No. 55 at 6. The recommendation is based on the fact that "[p]laintiff does not allege any facts against any named [d]efendant other than Sergeant Genaro." *Id.* at 4. Mr. Cole's objection does not address this deficiency and instead focuses on his repeated attempts to provide "fair notice" to the defendants.[2] *See* Docket No. 65 at 2-5, ¶¶ 5, 8, 10, 13, 14, 15 (enumerating his six attempts to provide "fair notice" to defendants). Moreover, Mr. Cole does not specifically object to the magistrate judge's statement of the law or interpretation of his complaint.

In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the recommendation to satisfy itself that there is "no clear error on the face of the record."

---

[2]Plaintiff also attaches 13 exhibits to his objection to the magistrate judge's recommendation. Docket No. 65-1 to 65-13. As the magistrate judge's recommendation points out, Docket No. 55 at 2, under Rule 12(b)(6), a court considers only the contents of the complaint – except that the court may also consider documents attached to the complaint and matters of judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Plaintiff cites no authority to support the Court's consideration of the exhibits; therefore, the Court will not consider plaintiff's exhibits as part of its analysis.

Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Objection to Magistrate Judge's Recommendation [Docket No. 65] is **OVERRULED**.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 55] is **ACCEPTED**.  It is further

**ORDERED** that defendants' Motion to Dismiss [Docket No. 33] is **GRANTED** as to all claims against all defendants except plaintiff's claim against defendant Genaro relating to the completion of an incident report instead of a criminal Case report and **DENIED** to the extent it seeks dismissal of plaintiff's claim against defendant Genaro relating to the completion of an incident report instead of a criminal report.

DATED December 5, 2016.

          BY THE COURT:

           s/Philip A. Brimmer
          PHILIP A. BRIMMER
          United States District Judge