IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00588-PAB-MJW

DEREK W. COLE,

    Plaintiff,

v.

SGT. TIM E. GENARO, Aurora Police Department, City of Aurora, Colorado, in his official capacity,

    Defendant.

_____

**MINUTE ORDER**
_____

**Entered by Judge Philip A. Brimmer**

    This matter is before the Court on Plaintiff's Second Motion for Extension of Time to File Plaintiff's Notice of Appeal [Docket No. 85]. Because plaintiff is proceeding pro se, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

    Plaintiff requests an extension of time "in the length and/or duration as [statutorily] permitted" to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5). Docket No. 85 at 1. The Court denied plaintiff's previous request for an extension of time to file a notice of appeal, Docket No. 81, on two grounds: first, plaintiff did not state what order he intended to appeal; and, second, plaintiff did not move for entry of final judgment as to some but not all claims under Fed. R. Civ. P. 54(b) or, alternatively, for leave to file an interlocutory appeal under 28 U.S.C. § 1292(b). Docket No. 82 at 1-2.

    Plaintiff seeks to appeal the Court's December 5, 2016 order, Docket No. 77, accepting the magistrate judge's recommendation and dismissing all claims against all defendants except for plaintiff's claim against defendant Genaro. Docket No. 85 at 2. Plaintiff states that he "invokes the 'right ' to file an 'interlocutory appeal' – as permitted by 28 U.S.C. Sec. 1292(b)." Docket No. 85 at 3.

    Under § 1292(b), four criteria must be met before an order may be certified for appeal: "(1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the

litigation." *Carbajal v. Keefer*, 51 F. Supp. 3d 1065, 1068 (D. Colo. 2014) (citing *In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 223 (D. Colo. 1991). Plaintiff makes no mention of these considerations.

Even if plaintiff could show that the second and third factors are satisfied, the relief requested by plaintiff would not "materially advance the ultimate termination of the litigation." *Id.* at 1068. Plaintiff's claim against defendant Genaro would be unaffected by any interlocutory appeal. Separate appeals would therefore not advance termination of the litigation.

Accordingly, plaintiff's motion [Docket No. 85] is denied.

DATED: February 8, 2017.